UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LUIS OCASIO,

      Plaintiff,

  v.

COUNTY OF HUDSON; HUDSON COUNTY DEPARTMENT OF CORRECTIONS; KIRK EADY, individually and in his official capacity as Deputy Director of Hudson County Department of Corrections; OSCAR AVILES individually,

      Defendants.

Civ. No. 2:14-cv-00811 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

      Before the Court are three motions for reconsideration of the Court's May 26, 2020 Order on Plaintiff's and Defendants' motions for summary judgment on behalf of: (1) Defendant Aviles, ECF No. 143; (2) Defendant Hudson County, ECF Nos. 144 & 145; and (3) Defendant Eady, ECF No. 146. For the reasons stated below, Defendants' motions for reconsideration are **DENIED**.

  **I.**    **BACKGROUND**

      Plaintiff asserted thirteen causes of action in his Second Amended Complaint, eight of which remained when the Court considered the parties' summary judgment motions:

- Count 1: unlawful interception of Plaintiff's wire communication under 18 U.S.C. § 2511(1)(a), *see id*. ¶¶ 108–11;
- Count 2: unlawful disclosure and use of Plaintiff's wire communication under 18 U.S.C. §§ 2511(c) and (d), *see id*. ¶¶ 112–15;
- Count 3: violation of the New Jersey wiretapping statute, N.J.S.A. 2A:156-1, *see id*. ¶¶ 116–19;
- Count 5: violation of Plaintiff's privacy rights under 42 U.S.C. § 1983, N.J.S.A. 10:6-1, the Fourth Amendment of the U.S. Constitution, and Article I, Paragraph 1 of the N.J. Constitution, *see id*. ¶¶ 126–38;
- Count 6: violation of Plaintiff's free speech and association rights under 42 U.S.C. § 1983, N.J.S.A. 10:6-1, the First Amendment of the U.S. Constitution, and Article I, Paragraph 6 of the N.J. Constitution, *see id*. ¶¶ 139–48;

- Count 7: violation of state and federal wiretap law under 18 U.S.C. § 2511(1)(a) and N.J.S.A. 2A:156-1, and consequently, 42 U.S.C. § 1983. *see id.* ¶¶ 149–57;
- Count 8: violation of Plaintiff's union rights under N.J.S.A. 10:6-1 *et seq.* and Article I, Paragraphs 18–19 of the N.J. Constitution, *see id.* ¶¶ 158–68;
- Count 10: retaliation under the N.J. Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *see id.* ¶¶ 179–85.

The Court assumes the parties' familiarity with the facts of this case.

## II.   STANDARD OF REVIEW

A motion for reconsideration must set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice.

*United States v. Davis*, 05-cr-382, 2012 WL 1950217, at *1 (D.N.J. May 30, 2012), *aff'd*, 514 F. App'x 97 (3d Cir. 2013) (cleaned up and citations omitted).

## III.   DISCUSSION

Defendants raise the following issues as bases for reconsideration: (1) the Court's consideration of the testimony of a now deceased witness, Ms. Latanya Freeman, in determining that there was a genuine issue of fact as to whether Defendant Eady illicitly recorded Plaintiff (pertaining to Counts One, Two, Three, and Seven); (2) Plaintiff's failure to set forth evidence of retaliatory action, and specifically, the Court's failure to consider an October 27, 2011 email sent by Plaintiff to Defendant Eady that Defendant Aviles argues belies Plaintiff's claim of retaliation; (3) Plaintiff's failure to demonstrate Aviles' contemporaneous knowledge of Eady's allegedly retaliatory actions as required to succeed on Plaintiff's failure-to-supervise *Monell* claim; (4) Plaintiff's failure to assert any evidence that Aviles acted illegally in his personal capacity; (5) that Plaintiff is precluded from litigating issues concerning union release time.

### A. The Court's Consideration of the Testimony of a Now Deceased Witness

All Defendants moved for summary judgment on Counts One, Two, and Three, which assert unlawful interception and disclosure of Plaintiff's wire communication under federal and state law. The Court granted summary judgment in favor of Defendants County of Hudson and Aviles on these counts but denied summary judgment in favor of Plaintiff and Defendant Eady. The Court cited the testimony from confidential informant Latanya Freeman during the criminal trial of Eady, during which Freeman stated that in 2012 Eady

2

told her that he was recording phone calls to which Plaintiff was a party, that Eady played those calls for Freeman, and that Freeman recognized Plaintiffs voice.  The Court determined that this testimony created a genuine issue of material fact as to whether Defendant Eady has illicitly recorded Plaintiff.  It is not proper to consider, on summary judgment, evidence that would not be admissible at trial.  *Pamintuan v. Nanticoke Memorial Hosp.*, 192 F.3d 378, 387 n.18 (3d Cir. 1999).  The parties represent to the Court that Ms. Freeman is now deceased and so asks this Court to reconsider denial of summary judgment on Counts One, Two, and Three with regard to Defendant Eady, presumably because Ms. Freeman cannot present the asserted evidence through direct testimony.  The Court stated that "Plaintiff, among other things, cites testimony from Confidential Informant Latanya Freeman during the criminal trial of Eady during which Freeman stated that in 2012, Eady told her that he was recording phone calls to which Plaintiff was a party . . ."  This evidence is still admissible.  Federal Rule of Evidence 804(b) provides an exception to the hearsay rule for testimony from a declarant who is unavailable at trial.  Under the rule, former testimony is admissible if the declarant is unavailable and the party against whom the testimony is offered had an "opportunity and similar motive" to examine the declarant. Fed.R.Evid. 804(b)(1).  The Court finds that because Ms. Freeman is deceased, she is unavailable consistent with Rule 804(a)(4).  The Court finds that, consistent with Rule 804(b)(1), Defendant Eady had an opportunity and similar motive to develop the testimony of Freeman at his criminal trial.[1]  The Court finds, for the purpose of summary judgment only, that Ms. Freeman's testimony at her criminal trial is likely admissible.

### B. <u>Plaintiff's Evidence of Retaliatory Action</u>

The Court found that Plaintiff was able to assert substantial evidence to raise a genuine issue of material fact as to whether he was retaliated against.  The Court also found that Defendants raised substantial evidence that Plaintiff faced no actual retaliation.  This evidence foreclosed summary judgment for both Plaintiff and Defendants.  Defendants renew their argument that Plaintiff suffered no actual retaliation.  They cite to the testimony of Defendant Aviles stating that Defendant Eady merely enforced the determination to eliminate union release time.  Defendant Aviles points to an October 27, 2011 email from Plaintiff to Defendants Eady and Aviles indicating Plaintiff's acknowledgment that the requirement for approval of union leave time applied to the union and not specifically to him.  Defendants have pointed out during this litigation that the contract for the corrections officers Local 109 says the PBA president will be assigned to a custody post where he is readily accessible to his membership. Defendants point to the 2012 State Commission on Investigation report describing union abuse of release time and the associated costs to

---

[1] That Plaintiff represents that he will not "request to have [Freeman's] testimony from Eady's criminal trial read to the jury in this civil matter," is not relevant to the Court's inquiry at the summary judgment stage as to whether Plaintiff has raised record evidence raising a genuine issue of material fact.

3

taxpayers. At the summary judgment stage, however, the Court's role is not to weigh evidence. The Court concludes that Eady's phone calls with the FBI's confidential informant and other evidence creates a genuine issue of material fact as to whether the change in union policy was retaliation in violation of Plaintiff's constitutional rights.

### C. Defendant's Aviles' Contemporary Knowledge of Eady's Alleged Retaliatory Actions

Defendant Aviles asks the Court to grant summary judgment as to Counts Six and Eight in his favor because Plaintiff has not demonstrated Aviles' contemporary knowledge of Defendant Eady's alleged retaliatory actions. Defendant Aviles argues that to impose liability under *Monell*, there must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents; and (2) circumstances under which the supervisor's assertion could be found to have communicated a message of approval to the subordinate." *Chincello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). However, Plaintiff asserts evidence that Aviles had some knowledge of Plaintiff's retaliatory motivations to create a genuine issue of material fact. For example, Eady states that he discussed a plan to bankrupt the union by way of a frivolous lawsuit with Aviles. ECF No. 115-16, 189-91. The Court declines to reverse its prior determination to deny Defendant Aviles summary judgment as to Counts Six and Eight.

### D. The Suit Against Defendant Aviles in His Personal Capacity

Defendant Aviles appears to assert that because the suit against him is in his personal capacity—rather than his official capacity—Plaintiff must produce evidence of retaliation by Aviles personally. As the Court explained in its February 5, 2018 opinion: "Aviles correctly states that claims brought against a municipality and an officer of that same municipality are technically duplicative. 'Personal-capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" ECF No. 77 (internal citations omitted). Consequently, the Court concluded that "Aviles remains liable for these same claims in his personal capacity and thus his first argument results in a distinction without much of a difference." The Court declines to disturb that conclusion.

### E. Issue Preclusion

Defendants appear to argue that the doctrines of both res judicata and collateral estoppel preclude the parties from litigating any issues with respect to union release time. Defendant Hudson County asserted in its initial summary judgment motion an argument on the basis of issue preclusion, but no argument with regard to claim preclusion and so the argument regarding claim preclusion is waived. Hudson County contends that the New

4

Jersey Superior Court, Appellate Division's affirmation of an arbitrator's interpretation of the collective bargaining agreement, wherein the arbitrator returned Plaintiff, the PBA president to a full-time shift imposed by Defendant Eady, precludes litigation of that issue here.  As recognized by the Appellate Division in the opinion cited by Defendants, the decision by the Arbitrator involved an unfair labor practice issue in the context of a collective bargaining agreement provision. The Appellate Division merely held that "in light of our highly deferential standard of review, we conclude that the arbitrator's award was reasonably debatable and affirm."  The arbitrator's decision did not address Plaintiff's constitutional claims under the NJCRA and § 1983, nor were those even raised in the arbitration.  Defendants have raised the argument that abolishing union release time was consistent with the union's contract.  It may be.  But it is not dispositive of Plaintiff's claims here.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions for reconsideration are **DENIED**.  An appropriate Order follows.


**Date: December 3, 2020**


                                               */s/ William J. Martini*
                                            **WILLIAM J. MARTINI, U.S.D.J.**