Law Offices

# SCIARRA & CATRAMBONE, L.L.C.

A Limited Liability Company
1130 Clifton Avenue
Clifton, New Jersey 07013
Telephone: 973-242-2442
Fax: 973-242-3118
www.sciarralaw.com

Charles J. Sciarra*
Jeffrey D. Catrambone*
Matthew R. Curran
Christopher A. Gray#

Of Counsel
Deborah Masker Edwards*
Cathie Perselay Seidman*
Alan Serrins+

Associate
Frank C. Cioffi

*Admitted NJ & NY Bars
+ Admitted NY Bar
# Admitted NJ & PA Bars

Mount Laurel Office
Briggs Professional Campus
2057 Briggs Road, Suite 201
Mount Laurel, NJ 08054
Tel. 856-888-7066

New York Office
The Woolworth Building
Suite #2340
233 Broadway
New York, NY 10279
Tel. 212-384-0202

February 20, 2023

*Via PACER/ECF*
Honorable William J. Martini, U.S.D.J.
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street -  Courtroom 4B
Newark, NJ 07102

Re:  **Ocasio v. County of Hudson et al.**
     **Civil Action # 14-811 (WJM)**

     ***Plaintiff's Letter Brief in support of***
     ***Plaintiff's Rule 59 & Rule 60 Motion***

Dear Judge Martini:

As the Court is aware the undersigned represents Plaintiff Luis Ocasio ("Plaintiff"). We respectfully request that the Court accept this letter brief in support of Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59 for a new trial or to alter or amend the judgment as a matter of law in favor of these Defendants entered by the Court under Federal Rule of Civil Procedure 50, by way of Order filed on February 1, 2023 (*see* *ECF #217*), or in the alternative pursuant to Federal Rule of Civil Procedure 60 for relief from that judgment or

Ocasio v. County of Hudson, et al.
Civil Action # 14-811(WJM)
*Plaintiff's Letter Brief*
February 20, 2023 - Page 2

order.[1]

Federal Rule of Civil Procedure 59(a) [New Trial; Altering or Amending a Judgment] provides that the court "may, on motion, grant a new trial on all or some of the issues -- and to any party -- … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court …".  Additionally, Federal Rule of Civil Procedure 60 [Relief from a Judgment or Order] provides that "on motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding" under section (b)(1) for "mistake" or under (b)(6) for "any other reason that justifies relief".

For the reasons set forth below and on the record on January 31, 2023, Plaintiff respectfully submits that the Court entered judgment as a matter of law in favor of the County Defendants and Aviles in error. Thus, Plaintiff is entitled to relief from that judgment and order, and the Court should grant Plaintiff a new trial as to those Defendants only.

---

1    As indicated in Plaintiff's notice of motion and certification filed herewith, Plaintiff seeks no relief by way of this motion as to Defendant Kirk Eady and the jury verdict returned in favor of Plaintiff and against Defendant Eady on February 1, 2023, with judgment on that verdict being entered by the Court by way of Order filed on February 2, 2023 (*see ECF #224*).

Plaintiff also refers the Court and counsel to the arguments made on the record on January 31, 2023 and reserves all appellate rights and arguments.

Ocasio v. County of Hudson, et al.
Civil Action # 14-811(WJM)
*Plaintiff's Letter Brief*
February 20, 2023 - Page 3

**LEGAL ARGUMENT**

**I.   The Court improperly entered judgment as a matter of law in favor of the County Defendants and Aviles, as the record establishes sufficient facts that would allow a reasonable jury to find that the County is liable under *Monell* for Eady's conduct constituting violations of Plaintiff's free speech and union affiliation rights in violation of §1983 and the NJCRA.**

Judgment as a matter of law under Rule 50(a)(1) should only be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party".  "Entry of judgment as a matter of law is a sparingly invoked remedy", and is "granted only if, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability".  Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007).  In performing its narrow inquiry, the Court must refrain from weighing evidence, assessing witness credibility or substituting the Court's version of the facts for that of the jury. Ibid.

The parties stipulated in this matter that Aviles has full, final policy-making authority and power to run and supervise the day-to-day operations of the Hudson County Correctional Center and that Aviles is the individual with final policy-making authority for the purposes of the County Defendants' *Monell* liability in this matter.  (P-76; ECF Document 96, Filed 1/28/19); see also Monell v. Dept. of Social

Ocasio v. County of Hudson, et al.
Civil Action # 14-811(WJM)
*Plaintiff's Letter Brief*
February 20, 2023 - Page 4

Services, 436 U.S. 658 (1978).

As part of its jurisprudence, the United States Supreme Court has stated that liability to a public entity may attach where the challenged action was "taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business." City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). Two of the avenues in which a plaintiff may establish Monell liability include the individual himself has final policy-making authority such that his conduct represents official policy or a final policymaker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred. Hill, 455 F. 3d at 245.

Here, Defendants have stipulated that Director Aviles has final policy-making authority for the County of Hudson. By way of his direct conduct whereby he failed to address Plaintiff's claim that Eady was tapping the phones of individuals affiliated with the Union, including Plaintiff as President of PBA 109, he directly participated in the violation of Plaintiff's constitutional rights.

With respect to the third avenue for *Monell* liability set forth in Hill above, Defendants' deliberate indifference is also implicated in this matter. In San Filippo v. Bongiovanni, 30 F. 3d 424, 445-446 (3d Cir. 1994), *abrogated on different grounds by*, Borough of Duryea, Pa.

Ocasio v. County of Hudson, et al.
Civil Action # 14-811(WJM)
*Plaintiff's Letter Brief*
February 20, 2023 - Page 5

v. Guarnieri, 131 S. Ct. 2488 (2011), the Third Circuit held that municipal liability may be imposed where the final decision maker acted with deliberate indifference to the plaintiff's constitutional rights.

The San Filippo Court explained that there was a fact issue regarding "deliberate indifference" where the final decision maker had "reason to suspect" that the plaintiff's protected activities were a substantial motivating factor in its subordinate's decision to initiate an adverse employment action. 30 F. at 446. The Court noted the Board was on notice as it heard arguments made by the plaintiff's counsel indicating discriminatory animus. Ibid. As a basis for its decision, the Court stated,

> [b]y holding that the University may be held liable if
> a fact-finder finds that the Board of Governors was
> deliberately indifferent to the possibility that
> dismissal proceedings were initiated against San Filippo
> in retaliation for the exercise of his first amendment
> rights, we similarly require his employer to 'tread with
> a certain amount of care' to avoid 'the possibility of
> inadvertently punishing someone for exercising [his]
> First Amendment rights.' Ibid.

Further, the policymaker's failure to discipline the alleged tortfeasor for the events in question has a tendency to demonstrate the policymaker's acquiescence in that type of conduct at or prior to the event in question and may be evidence of a policy or custom that may form the basis for *Monell* liability. See Grandstaff v. City of Borger, 767 F. 2d 161 (5th Cir. 1985). It is unlikely that a plaintiff will be able to provide documentation or direct

Ocasio v. County of Hudson, et al.
Civil Action # 14-811(WJM)
*Plaintiff's Letter Brief*
February 20, 2023 - Page 6

evidence of a pre-existing custom of disregarding the constitutional rights of others. See Carter v. District of Columbia, 795 F.2d 116, 122 (D.C. Cir. 1986) (observing that in cases involving violations of civil rights by sworn law enforcement usually do not involve express statements of policy and are not susceptible to such easy proof).

There was sufficient evidence for the Court to submit to the jury of Aviles' deliberate indifference to Eady's illegal conduct and his retaliatory actions against Plaintiff based upon his union affiliation as President of PBA 109. Rather than address Eady's actions of which Aviles was aware by way of Eady's overt retaliatory animus towards the Union, Plaintiff's claim notice in August 2012, and the FBI search warrant in March 2013, Aviles took no action against Eady, allowed him to remain engaged in union-related issues on behalf of management. Aviles also forwarded emails to Eady regarding union business to ensure he remained engaged, and lied about Eady remaining involved in union issues on behalf of management. There exists sufficient evidence in the record on the issue of Defendants' liability under Monell, and Plaintiff is thus entitled to judgment on this issue.

The following facts in the record would allow a reasonable jury to find the County Defendants and Aviles liable under Monell under the "deliberative indifference" rationale: [a] Aviles

Ocasio v. County of Hudson, et al.
Civil Action # 14-811(WJM)
*Plaintiff's Letter Brief*
February 20, 2023 - Page 7

admitted that Eady's conduct was "illegal" and concerning"; [b] there is no explanation for the two month delay between the issuance of the SCI report regarding union release time in May 2012 and Defendants' revocation of it in July 2012, other than the fact that Plaintiff was re-elected as President of PBA 109 in an election in June 2012 which Aviles, Eady and the County Counsel were monitoring; [c] Aviles lied to the County Freeholders about his keeping Eady engaged in union related issues and Aviles maintained that he does not take direction from the Freeholders; [d] Aviles emailed Eady after the FBI's execution of the search warrant in March 2013 telling him to "hang in there and stay strong" and that Aviles did not want the union to think that Eady "was out of the process"; [e] Eady admitted to Aviles after the execution of the search warrant that he used the "Evil Operator" 'app' to wiretap union officials after denying that he had done so, but Aviles nonetheless took no action against Eady; & [f] Eady boasted to the FBI Confidential informant during their phone conversations that Aviles was liable because he allowed Eady to engage in the retaliatory and harassing conduct against Plaintiff, including the revocation of union release time.

Ocasio v. County of Hudson, et al.
Civil Action # 14-811(WJM)
*Plaintiff's Letter Brief*
February 20, 2023 - Page 8

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's motion pursuant to Rule 59 and/or Rule 60. We thank the Court for its attention and courtesies.

Respectfully submitted,
**Sciarra & Catrambone, L.L.C.**
*Attorneys for Plaintiff*
By:  /s/Jeffrey D. Catrambone (JC2870)

JDC/j

cc:  all counsel of record (*via PACER/ECF*)
     client