## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LUIS OCASIO,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**COUNTY OF HUDSON; HUDSON COUNTY DEPARTMENT OF CORRECTIONS; KIRK EADY,** *individually and in his official capacity as Deputy Director of Hudson County Department of Corrections*; **OSCAR AVILES** *individually,*<br><br>    **Defendants.** | Civ. No. 2:14-cv-811 (WJM)<br><br><br>**OPINION AND ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Plaintiff Luis Ocasio's motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(a). ECF No. 326. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART.**

### I. BACKGROUND

Following a jury verdict against Kirk Eady in the first trial, Plaintiff filed a motion for attorneys' fees for legal services rendered by Sciarra & Catrambone, LLC. ECF No. 229. By Order dated August 8, 2023, the Court granted the motion in part, awarding a lodestar of $482,731.50. ECF No. 255. *See* Aug. 8, 2023 Op. at 6-8, ECF No. 254. A second trial commenced in November 2024 and resulted in a verdict against the County of Hudson, the Hudson County Department of Corrections, and Oscar Aviles (collectively, "Defendants"). ECF No. 298. Plaintiff thereafter submitted a second attorneys' fees petition, seeking $1,549,097 (including a contingency enhancement) for services performed by the same firm since May 2017. ECF No. 312. The Court awarded Plaintiff $1,066,365.50 in attorneys' fees. ECF Nos. 324, 325. It declined to apply the contingency enhancement and reduced the lodestar by $482,731.50—the amount previously awarded— to avoid duplicative compensation for overlapping legal work. May 1, 2025 Op. at 7-11, ECF No. 324. The Court also molded the jury verdict to account for adverse tax consequences, but did not rule on the issue of interest, noting that the parties could submit supplemental briefing should they wish the Court to address the matter. *Id.* at 11-12.

### II. DISCUSSION

1

Plaintiff brings this motion under Rule 60(a), which permits courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). However, Rule 60(a) is "strictly confined to the correction of clerical or scrivening errors." *Davis v. Bank of Am., NA*, No. 19-13515, 2022 WL 683025, at \*4 (D.N.J. Mar. 8, 2022) (citing *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)). Here, Plaintiff seeks two forms of relief: (1) prejudgment and post-judgment interest and (2) an amended attorneys' fee award restoring the $482,731.50 the Court deducted to account for the initial fee award. Neither request involves a clerical mistake or oversight typically correctable under Rule 60(a). Instead, the motion is more appropriately considered under Rule 60(b), which permits relief from a judgment or order for specified reasons, including mistake or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

## A. Prejudgment and Post-Judgment Interest

Plaintiff renews his request for prejudgment interest on the jury's $417,000 back pay award that arose from his constructive discharge on July 1, 2014. Pl. Mot. 4, ECF No. 326. The Court previously declined to address the issue, but explicitly invited supplemental briefing submissions. *See* May 1, 2025 Op. at 11 n.3. Plaintiff has submitted a letter brief in support of its current motion, as well as the expert report from forensic economist Kristin Kucsma, calculating prejudgment interest from July 1, 2014 through November 19, 2024, the date of the second jury verdict. Ms. Kucsma calculates simple interest over that period in the amount of $78,439.59, applying the relevant annual rates published by the State of New Jersey. *See* Catrambone Cert. Ex. B, ECF No. 326-2. Defendants do not oppose this request. Prevailing plaintiffs in § 1983 and Title VII cases who receive back pay are entitled to a strong presumption in favor of prejudgment interest. *Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995); *Nance v. City of Newark*, 501 F. App'x 123, 129–31 (3d Cir. 2012). Absent exceptional circumstances, courts award such interest to ensure that plaintiffs are made whole. *See Montone v. City of Jersey City*, No. 6-280, 2018 WL 3536093, at \*2–3 (D.N.J. July 23, 2018). Here, the Court finds no reason to depart from the presumption of granting prejudgment interest. The requested interest calculation is supported by expert evidence and tailored to the period in question. Accordingly, Plaintiff is entitled to prejudgment interest in the amount of **$78,439.59.**

Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961(a), which provides that such interest "shall be allowed on any money judgment in a civil case recovered in a district court." *See* Pl. Mot. 7-8. Interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). The interest is "computed daily to the date of payment." 28 U.S.C. § 1961(b). Defendants do not contest that Plaintiff is entitled to post-judgment interest. Here, the Court will award post-judgment interest on the $662,000 money judgment that Plaintiff obtained in the Dec. 10, 2024 Judgment Order. ECF No. 309. The applicable rate of post-judgment interest for the calendar week preceding the Judgment Order (week of Dec. 2, 2024) is 4.23 percent. *See* Bd. of Governors

of the Fed. Rsrv. Sys., *Selected Interest Rates (Daily) – H.15: 1-Year Treasury Constant Maturity Rate*, Fed. Rsrv. Bank of St. Louis. This amounts to approximately **$76.66 per day in interest on the $662,000 judgment**, accruing from December 10, 2024 until the date of payment.

### B. Amended Attorneys' Fees Award

Plaintiff asks the Court to reinstate the $482,731.50 in attorneys' fees that it deducted from the second lodestar award, but this request does not concern any clerical or ministerial oversight. Rather, it challenges the Court's underlying legal judgment and is therefore not properly brought under Rule 60(a). Nor is relief warranted under Rule 60(b). The Court has already concluded that Plaintiff's two fee petitions contained overlapping billing for the same services from the same firm, and that allowing recovery under both would constitute an unwarranted duplication of fees. *See* May 1, 2025 Op. at 9. Even if construed as a timely motion for reconsideration under Rule 59(e) or L Civ. R. 7.1(i), it would also fail. The motion does not meet the standard for reconsideration, as it fails to identify any intervening change in controlling law, newly discovered evidence, or clear error of fact or law that would justify disturbing the Court's prior ruling. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Court reaffirms its ruling that Plaintiff's counsel has already been compensated for certain work at issue and is not entitled to double recovery. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Plaintiff's request to amend the fee award is thus **DENIED**.

## III.   CONCLUSION AND ORDER

In light of the foregoing, Plaintiff's motion, ECF No. 326, is **GRANTED** in part and **DENIED** in part. For good cause shown,

**IT IS** on this 24 day of June 2025, hereby

**ORDERED** that the Dec. 10, 2024 Judgment Order, ECF No. 309, is adjusted to grant Plaintiff (1) prejudgment interest in the amount of **$78,439.59** and (2) post-judgment interest on the $662,000 money judgment at the rate of **4.24 percent** or **$76.80 per day** in accordance with 28 U.S.C. § 1961; and it is further

**ORDERED** that Plaintiff's request to amend the attorneys' fee award is **DENIED**.

WILLIAM J. MARTINI, U.S.D.J.

3